8366. WILLIAMS *v.* BROWN & BIGELOW INCORPORATED.

LUKE, J. Upon the petition for certiorari and the answer, the court did not err in overruling the certiorari.

*Judgment affirmed. Wade, C. J., and George, J., concur.*

DECIDED JULY 26, 1917.

Certiorari; from Fulton superior court—Judge Bell. October 16, 1916.

*Bachman & Simmons,* for plaintiff in error.

*Anderson, Slate & D'Orr,* contra.

---

8406. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* CHENEY.

LUKE, J. The motion for a new trial was based on the general grounds only. The verdict was authorized by evidence, and has the approval of the trial judge, and it was not error to overrule the motion for a new trial. *Judgment affirmed. Wade, C. J., and George, J., concur.*

DECIDED JULY 26, 1917.

Appeal; from Carroll superior court—Judge R. W. Freeman. December 28, 1916.

*R. D. Jackson,* for plaintiff in error.

*Boykin & Boykin,* contra.

---

8442. PHILLIPS *v.* CENTRAL OF GEORGIA RAILWAY CO.

1. Where a suit brought within the time prescribed by the statute of limitations, in a court having jurisdiction of the subject-matter, is dismissed solely for want of jurisdiction of the person, it may be renewed within six months, under the provisions of section 4381 of the Civil Code of 1910, which should be construed liberally so as to allow renewal where the suit is disposed of on any ground not affecting its merits.

2. Where a suit against a railroad company, for injuries alleged to have been caused by its negligence while both the plaintiff and the defendant were engaged in interstate commerce, was brought within two years from the date of the infliction of the injuries, and was dismissed because the court had no jurisdiction over the defendant, and within six months after the dismissal the action was renewed in a court which had jurisdiction of both the subject-matter and the person, and by amendment all reference to interstate commerce and the resulting liability of the defendant under the Federal employer's liability act was stricken from the renewal suit, so that a suit for damages incurred